David M. Lilienstein, SBN 218923
david@dllawgroup.com
Katie J. Spielman, SBN 252209
katie@dllawgroup.com
**DL LAW GROUP**
345 Franklin St.
San Francisco, CA 94102
Telephone: (415) 678-5050
Facsimile: (415) 358-8484

Attorneys for Plaintiff,
N.D.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| N.D. <br><br> Plaintiff, <br><br> v. <br><br> BLUE CROSS OF CALIFORNIA dba ANTHEM BLUE CROSS and DOES 1-10 <br> Defendant. | Case No. <br><br> **PLAINTIFF N.D.'S COMPLAINT FOR BREACH OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974 (ERISA); BREACH OF FIDUCIARY DUTY; ENFORCEMENT AND CLARIFICATION OF RIGHTS; PREJUDGMENT AND POSTJUDGMENT INTEREST; AND ATTORNEYS' FEES AND COSTS** |

Plaintiff, N.D. herein sets forth the allegations of this Complaint against Defendant ANTHEM BLUE CROSS OF CALIFORNIA dba ANTHEM BLUE CROSS ("Anthem").

//

//

//

//

//

//

//

1

COMPLAINT                                                                CASE NO.

**PRELIMINARY ALLEGATIONS**

**JURISDICTION**

1.      Plaintiff brings this action for relief pursuant to Section 502 (a) (1) (B) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. Section 1132 (a) (1) (B).  This Court has subject matter jurisdiction over Plaintiff's claim pursuant to ERISA Section 502 (e) and (f), 29 U.S.C. Section 1132 (e), (f), and (g) and 28 U.S.C. Section 1331 as it involves a claim made by Plaintiff for employee benefits under an employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. Section 1331 as this action involves a federal question.

2.      This action is brought for the purpose of recovering benefits under the terms of an employee benefit plan and enforcing Plaintiff's rights under the terms of an employee benefit plan.

3.      Plaintiff seeks relief, including but not limited to: past mental health benefits in the correct amount related to Defendant's improper denial of Plaintiff's claim; prejudgment and post judgment interest; general and special damages; and attorneys' fees and costs; and any other relief that may arise during the pendency of this action and that the Court may deem appropriate.

**PARTIES**

4.      At all relevant times, Plaintiff N.D. participated in the Anthem Platinum PPO 15/250/10% ("the Plan"), an employee welfare benefit plan within the meaning of ERISA section 3(1), 29 U.S.C. § 1002(1).

5.      Mental Health benefits under the Plan were at all relevant times administered by Anthem Blue Cross ("ANTHEM").

6.      The Plan delegates the authority and discretion to make benefit coverage determinations for mental health and substance use disorder services to ANTHEM which acts as a fiduciary and claims administrator under ERISA.

7.      ANTHEM is responsible for applying the terms of the Plan, the level of care guidelines, and the reimbursement policy to the claims submitted by the providers and the participants, and for issuing notices of approval or denial of the claims. ANTHEM is also responsible for conducting internal appeals of the denied claims, and for providing the participants with their rights and remedies under ERISA, including N.D.'s claims for her son A.D. at Huntsman Mental Health Institute ("Huntsman").

COMPLAINT                                                                                       CASE NO.

8.      Anthem is a health insurance provider authorized to transact and currently transacting the business of insurance in the State of California.

9.      At all relevant times, the Plan was an insurance plan that offered, *inter alia*, mental health benefits to employees and their beneficiaries, including Plaintiff.  This action involves mental health claims denied by the Plan's mental health claim administrator.

## FACTS

10.      The Plan guarantees, warrants, and promises "Mental Health Services" for members and their beneficiaries, including but not limited to: health care services, mental health care, and the treatment at issue herein.

11.      A.D. is N.D.'s son, and was, at all relevant times, a beneficiary of the Plan.

12.      At all relevant times, the Plan was in full force and effect.

13.      The Plan guarantees, promises, and warrants benefits for medically necessary covered health care services.

14.      Medically Necessary is defined in the plan as health care services that a Physician, exercising professional clinical judgment, would provide to a patient for the purpose of preventing, evaluating, diagnosing or treating an illness, injury, disease or its symptoms, and that are:

- In accordance with generally accepted standards of medical practice,
- Clinically appropriate, in terms of type, frequency, extent, site and duration, and considered effective for the patient's illness, injury or disease,
- Not primarily for the convenience of the patient, Physician or other health care Provider, and
- Not more costly than an alternative service, including the same service in an alternative setting, or sequence of services that is medically appropriate and is likely to produce equivalent therapeutic or diagnostic results as to the diagnosis or treatment of that patient's injury, disease, illness or condition. For example, we will not provide coverage for an inpatient admission for surgery if the surgery could have been performed on an outpatient basis or an infusion or injection of a Specialty Drug provided in the outpatient department of a Hospital if the Drug could be provided in a Physician's office or the home setting

15.     California's Mental Health Parity Act, Health & Safety Code §1374.72, as well as the Federal Mental Health Parity and Addictions Equity Act of 2008 ("MHPAEA") specifically require that health care plans provide medically necessary diagnosis, care and treatment for the treatment of specified mental health illnesses at a level equal to the provision of benefits for physical illnesses.

16.     A.D. had trouble socializing with other children growing up and had issues communicating with his parents and this led to outbursts and problems.

17.     A.D. was diagnosed with, *inter alia*, Schizoaffective disorder, bipolar type, and other symptoms and signs involving cognitive functions and awareness.

18.     A.D. has tried various forms of treatment for his condition, including medication, psychotherapy, and outpatient programs, but none of them were effective or sufficient for his needs.

**ANTHEM's Denial of A.D.'s treatment at Huntsman Medical Health Institute**

19.     A Despite ongoing treatment, including medications and therapy, A.D.'s symptoms worsened. His behavior became increasingly destructive, and dangerous to himself and those around him.

20.     At the recommendation of his treatment providers, A.D. was admitted to Huntsman Medical Health Institute ("Huntsman")

21.     At all times relevant, A.D.'s treatment at Huntsman was medically necessary, based upon the reasoned medical opinions of his treaters.

22.     Plaintiff filed claims for mental health benefits pursuant to the terms of the Plan for A.D.'s treatment at Huntsman.

23.     ANTHEM denied treatment at Huntsman, stating that the care requested is "not medically necessary"

24.     Plaintiff timely appealed ANTHEM's denials of A.D.'s claims for treatment at Huntsman.

25.     ANTHEM denied Plaintiff's appeals.

26.     Not only were ANTHEM's denials unreasonable in light of the obvious medical necessity for A.D.'s ongoing mental health care, but the denials also violated the California Mental Health Parity Act, as well as the Mental Health Parity and Addictions Equity Act of 2008 ("MHPAEA"), which alone provided a basis for approving all of the care for A.D. that is at issue herein.

**COMPLAINT**                                                                                          **CASE NO.**

27.     The Plan provides plan provides coverage for the treatment of mental health and substance use disorders.

28.     A.D.'s services were medically necessary, and he met all of the above requirements necessary for treatment.

29.     As a result, Plaintiff was forced to pay for A.D.'s care and treatment at Huntsman from her own personal funds.

30.     Plaintiff has exhausted all administrative remedies regarding the denial of A.D.'s mental health benefits.

31.     A.D.'s treatment at Huntsman was at all relevant times medically necessary and appropriate for his condition, as evidenced by his admission, assessment, treatment plan, progress notes, and discharge summary.

<u>**CLAIMS FOR RELIEF**</u>

**FIRST CAUSE OF ACTION**
**Recovery of Benefits Due Under an ERISA Benefit Plan**
**(Against ANTHEM BLUE CROSS INSURANCE COMPANY; AND DOES 1 THROUGH 10, Enforcement and Clarification of Rights, Prejudment and Post Judgment Interest, and Attorneys' Fees and Costs, Pursuant to ERISA Section 502(a)(1)(B), 29 U.S.C. Section 1132(a)(1)(B))**

32.     Plaintiff incorporates all preceding paragraphs of this Complaint as though fully set forth herein.

33.     ERISA Section 502(a)(1)(B), 29 U.S.C. Section 1132(a)(1)(B) permits a plan participant to bring a civil action to recover benefits due under the terms of the plan and to enforce Plaintiff's rights under the terms of a plan.

34.     At all relevant times, Plaintiff and her son A.D. were insured under the health care plan at issue herein, and Plaintiff's son A.D. met the covered health services and medical necessity criteria for treatment required under the terms and conditions of the Plan.

35.     Defendant wrongfully denied Plaintiff's benefits for treatment in the Following respects, among others:

**COMPLAINT**                                                                                 **CASE NO.**

(a) Failure to authorize and pay for medical services rendered to A.D. as required by the Plan at a time when Defendant knew Plaintiff was entitled to such benefits under the terms of the Plan;

(b) Failure to provide reasonable explanations of the bases relied on under the terms of the Plan, in relation to the applicable facts and plan provisions, for the denial of Plaintiff's claims for medical benefits;

(c) After Plaintiff's claims were denied in whole or in part, failure to adequately describe to Plaintiff any additional material or information necessary to perfect her claim along with an explanation of why such material is or was necessary;

(d) Failure to properly and adequately investigate the merits of Plaintiff's medical claims and/or provide alternative and medically appropriate courses of treatment;

(e) Failure to provide Plaintiff with a full and fair review pursuant to 29 C.F.R.§ 2560.501-1 (h)(3)(ii) by affording deference to the initial adverse benefits determination;

(f) Failure to thoroughly and independently evaluate both A.D. and his medical records prior to issuing their denials of Plaintiff's claim and her appeal.

36.     By denying Plaintiff's mental health claim, Defendant has violated, and continue to violate, the terms of the Plan, the terms of ERISA, and Plaintiff's rights thereunder.

37.     The provisions of an ERISA plan should be construed so as to render none nugatory and to avoid illusory promises.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that the Court grant the following relief:

38.     Declare that Defendant violated the terms of the Plan by failing to provide mental health benefits;

39.     Order Defendant to pay the mental health benefits due, together with prejudgment interest on each and every such benefit payment through the date of judgment at the rate of 9% compounded;

COMPLAINT                                                                                        CASE NO.

40.     Award Plaintiff reasonable attorneys' fees and costs of suit incurred herein pursuant to ERISA Section 502(g), 29 U.S.C. Section 1132(g);

41.     Order that each fiduciary found liable for breaching his/her/its duties to disgorge any profits made through the denial of medically necessary claims through the use of inconsistent care guidelines. This includes, but is not limited to, any violation of ERISA §§ 404 and 406;

42.     For appropriate equitable relief pursuant to 29 U.S.C. §§ 1132(a)(2) and (a)(3), including but not limited to, a declaration of Plaintiff's rights to a full and fair review under ERISA, and a declaration of Plan participants' and beneficiaries' rights to a full and fair review;

43.     Order Defendant, and/or each of them, to pay the mental health benefits due, together with prejudgment interest on each and every such benefit payment through the date of judgment at the rate of 9% compounded;

44.     Award Plaintiff reasonable attorneys' fees and costs of suit incurred herein pursuant to ERISA Section 502(g), 29 U.S.C. Section 1132(g);

45.     Order that Defendant change procedures and processes so that the appeals process becomes fair and equitable for all Plan participants;

46.     For appropriate equitable relief pursuant to 29 U.S.C. §§ 1132(a)(2) and (a)(3), including but not limited to, a declaration of Plaintiff's rights to a full and fair review under ERISA, and a declaration of Plan participants' and beneficiaries' rights to a full and fair review;

47.     For surcharge relief;

48.     Provide such other relief as the Court deems equitable and just.

Dated: September 3, 2024          Respectfully submitted,

                                  **DL LAW GROUP**

                                  By: */s/ David M. Lilienstein*
                                  David M. Lilienstein
                                  Katie J. Spielman
                                  Attorneys for Plaintiff, N.D.

**COMPLAINT**                                    **CASE NO.**